

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXON
ATTORNEY GENERAL

Hon. H. Pat Edwards
Civil District Attorney
Records Building
Dallas County
Dallas 2, Texas

Dear Sir:

Opinion No. O-6381
Re: Can Sheriff of Dallas County or
his deputies be paid by the
county the expenses of operation,
maintenance and depreciation on
automobiles owned personally by
them and used officially, in a
"lump sum" monthly allowance, or
must such expenses be paid on a
4¢ per mile basis?

We have received your recent communication wherein you
ask our opinion on the following specific questions:

"(a)   In Dallas County, having a population of
398,564 inhabitants, wherein the Sheriff and his
deputies personally own the automobiles operated in
the Sheriff's Department on official county business,
can the Commissioners' Court legally allow the Sheriff
and his deputies a "lump sum" monthly allowance per
car for the operation, maintenance and depreciation
of said cars?

"(b)   If your answer to the preceding question
is in the affirmative, is there any limit, other than
the Court's conclusion of a reasonably necessary sum,
to the amount allowable?

"(c)   If your answer to question (a) is in the
negative, and Article 3899 is the controlling
statute, would it be legal, in your opinion, for
the Commissioners' Court, by mutual agreement with
the Sheriff and his deputies, to determine a fixed
amount acceptable to the Sheriff and his deputies,
for use of their personally owned cars in the
Sheriff's Department, and to pay said amount in
lieu of the four (4¢) cents per mile basis, pro-
vided the figure mutually agreed upon does not ex-

ceed the Court's estimate of the four (4¢) cents
per mile per car on the average?"

The Sheriff of Dallas County receives a salary as com-
pensation for his services.

Article 3899, Vernon's Annotated Civl Statutes, reads,
in part, as follows:

"  .  .  .  .  .

"(b)  Each officer named in this Act, where he
receives a salary as compensation for his services,
shall be entitled and permitted to purchase or
charge to his county all reasonable expenses neces-
sary in the proper and legal conduct of his office,
premiums on officials' bonds, premiums on fire,
burglary, theft, robbery insurance protecting public
funds, and including the cost of surety bonds for
his deputies, provided that expenses incurred for
premiums on officials' bonds for the county treasurer,
county auditor, county road commissioners, county
school superintendent, and the hide and animal in-
spector, including the cost of surety bonds for any
deputies of any such officers, may be also included,
and such expenses to be passed on, predetermined and
allowed in the time and amount, as nearly as possible,
by the Commissioners Court once each month for the en-
suing month, upon the application by each officer,
stating the kind, probable amount of expenditure and
the necessity for the expenses of his office for
such ensuing month which application shall, before
presentation to said court, first be endorsed by the
county auditor, if any, otherwise the county treasurer,
only as to whether funds are available for payment of
such expenses.  .  .  .  .  ."

"The Commissioners Court of the county of the
sheriff's residence may, upon the written and sworn
application of such officer, stating the necessity
therefor, allow one or more automobiles to be used
by the sheriff in the discharge of official busi-
ness, which, if purchased by the county shall be
bought in the manner prescribed by law for the pur-
chase of supplies and paid for out of the General
Fund of the county and they shall be reported and
paid in the same manner as herein provided for other
expenses.

"Where the automobile or automobiles are owned

by the Sheriff or his deputies, they shall be allowed four (4) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation, and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work. It shall be the duty of the County Auditor, if any, otherwise the Commissioners Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose. . . . . . ."

Sec. 19 of Art. 3912e, V.A.C.S., reads, in part, as follows:

". . . . provisions of this Section shall apply to and control in each county in the State of Texas having a population in excess of one hundred and ninety (190,000) thousand inhabitants according to the last preceding Federal census. . . . . The Commissioners Court may allow, upon the written and sworn application of the sheriff showing the necessity therefor, one or more automobiles to be used by the sheriff or his deputies in the discharge of his official duties, which, if purchased by the county, shall be bought in the manner prescribed by law for the purchase of supplies, and shall be paid for out of the Officers' Salary Fund, and said automobiles shall be and remain the property of the county. The expense of operating and maintaining said automobile shall be paid in the manner and subject to the provisions herein provided for other expense items. The Commissioners Court by an order entered of record may make provision for payment of depreciation upon automobiles owned personally by the sheriff or his deputies. . . . . . ."

As we see it, the solution of your questions depends upon which of the two next-above quoted statutes is applicable to the subject in question in Dallas County.

In 1937, the 45th Legislature at its Regular Session amended Art. 3899, supra, and added the words: "including the cost of surety bonds for his Deputies", to the list of expenses payable by the county for "each officer named in this Act, where he receives a salary as compensation for his services". The same Legislature thereafter at its 1st Called Session amended

Subsection (L) of Section 19, Chap. 465, Acts of the 44th Leg., Second Called Session (Sub-section (L) of Section 19 of Article 3912e, V.A.C.S.,) and added the words:  "premiums on deputies' bonds", to the list of expenses payable by the county for "each district, county, and precinct officer receiving an annual salary as compensation", and in section 2 of said amendment by way of reason therefor, said as follows:  "The importance of this legislation and the crowded condition of the calendar and the fact that the Officers' Salary Bill was amended at the last Regular Session so as to declare premiums on deputies' bonds a legal expense of office in counties containing a population of less than one hundred and ninety thousand (190,000), <u>but was not so amended to make a like provision applicable to counties containing a population in excess of that figure</u> creates an emergency and an imperative public necessity, etc. . ." (Underscoring ours).

From the next-above paragraph, it seems clear to us that the 45th Legislature considered Article 3899, supra, as applying only to counties with less than 190,000 population. This it so declared in the emergency clause (Section 2, supra) of said above described amendment. While not conclusive, an emergency clause may be considered if it sheds light upon the inquiry and will aid in ascertaining the legislative intent. 39 Texas Jurisprudence, page 228. Also, an amendment may constitute a legislative interpretation of the amended law, which is entitled to much weight. 39 Texas Jurisprudence, page 240. With this in mind, the Legislature re-enacted in said amendment the terms providing for the allowance of one or more automobiles for the use of the sheriff or his deputies, owned either by the county or by the sheriff or his deputies, providing for the payment by the county of the operating and maintenance expenses of such automobiles, and further providing for the payment by the county of depreciation on such automobiles as are owned personally by the sheriff or his deputies and used officially.

Furthermore, the Legislature by express terms made the provisions of Section 19, Article 3912e, supra, "<u>apply to and control</u> in each county --- having a population in excess of one hundred and ninety (190,000) thousand inhabitants." This in itself, we believe, would remove this particular subject from any contrary restriction imposed by said Art. 3899, even if same were applicable generally to counties having the population of Dallas County.

Therefore, it is our opinion that the provisions applicable to Dallas County are those contained in Sec. 19 of Art. 3912e, supra.

As said, Sec. 19 of Art. 3912e, provides that the expenses of operating and maintenance of such automobiles shall be paid in the manner and subject to the provisions herein provided for other expense items, we further conclude that such operating and maintenance expenses can be paid only when actually incurred in carrying out the duties of the sheriff's office, as provided in respect to other claims for actual and necessary expenses by Subsection (L) of Section 19, Article 3912e, V.A.C.S. Stated differently, no "lump sum" allowance could be allowed prior to the actual incurring of such expenses, as it would be a matter of speculation as to the exact sum that might be incurred. All such claims are subject to the audit of the county auditor. In respect to an allowance for depreciation on such automobiles, a "lump sum" allowance could be allowed each month, for each of such automobiles, owned by the sheriff or his deputies and so used, by an order of the Commissioners' Court entered of record, subject only to the reasonable discretion of such Court.

Trusting the above fully answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant.

RLL:rt:wc

APPROVED JAN 31, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman